```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMMY L. THOMPSON, D.D.S.       :       CIVIL ACTION
                                :
        v.                      :
                                :
RELIANCE STANDARD LIFE          :
INSURANCE COMPANY, et al.       :       NO. 09-1757
```

## MEMORANDUM

Fullam, Sr. J.                                    January 19, 2010

In this ERISA case, the plaintiff has sued for payment of long-term disability benefits. The governing plan provides in relevant part:

> We will pay a Monthly Benefit if an Insured:
>
> (1) is Totally Disabled as the result of a Sickness or Injury covered by this Policy;
> (2) is under the regular care of a Physician;
> (3) has completed the Elimination Period; and
> (4) submits satisfactory proof of Total Disability to us.
>
> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
>
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, and Insured cannot perform the material duties of his/her regular occupation; . . .
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the substantial and material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.

AR2.

It is undisputed that the plaintiff, a pediatric dentist, cannot perform the duties of her "regular occupation" because of neck and back pain. The defendant, Reliance Standard Life Insurance Company[1], therefore paid benefits for two years as required by the policy. Reliance Standard then determined that the plaintiff had not established that she is disabled from "any occupation" and so denied the claim for continuing benefits on February 28, 2006. After a lengthy internal appeal process, the defendant notified the plaintiff of the denial of the administrative appeal on February 23, 2009.

In denying the appeal, the defendant relied in part upon a review of records by Dr. Michael Leibowitz, whose report dated February 4, 2008 concluded that the plaintiff:

> is able to perform full-time work being seated less than 20 minutes at a time with the ability to stand or walk frequently (34-66% of the time) and/or change position as needed and would be able to lift up to 10 pounds occasionally (0-33% of the time) and/or a negligible amount of force frequently (34-66% of the time).

AR14. Based on this report and the administrative record as a whole, the defendant has filed a motion for summary judgment, maintaining that the plaintiff can perform full-time sedentary work. The plaintiff argues that her condition has worsened over

---

[1] Reliance Standard's parent corporation, Delphi Financial Group, Inc., is also named as a defendant, but plays no direct role in the proceedings.

time, and that her reliance on certain medications for pain management causes grogginess that amounts to a cognitive impairment. The plaintiff has additional reports that she contends support her claim, but argues that the claim was denied before she could submit the reports to the defendant.

In ERISA cases, the plan administrator's decision to terminate benefits is reviewed under a *de novo* standard, unless the plan documents grant the administrator discretion in making eligibility decisions, in which case the standard is whether the action was arbitrary and capricious. Schwing v. The Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009). Here, the plan documents give "the claims review fiduciary [] the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits," AR281, so the more deferential standard applies. In determining whether the defendant's action was arbitrary and capricious, I must also consider the fact that because the administrator both evaluates claims for benefits and pays the benefits claims, it operates under a conflict of interest. Doroshow v. Hartford Life and Accident Ins. Co., 574 F.3d 230, 233-34 (3d Cir. 2009).

After a careful review of the evidence submitted by the parties, including the administrative record, I am convinced that the dispute cannot be resolved on the defendant's motion for summary judgment. The parties had been in discussions for a

3

protracted period regarding the plaintiff's claim. The defendant did not notify the plaintiff of a final date for the submission of additional evidence, but instead denied the claim. The more recent reports may have made a difference in the evaluation of the plaintiff's claim and the failure to provide notice of a final decision therefore affected the plaintiff's ability to obtain a full and fair review.

Having determined that the defendant's motion must be denied, I am inclined to enter summary judgment in favor of the plaintiff, but will permit the parties to submit supplemental briefs on whether the plaintiff's claim should be remanded for consideration of the additional reports. <u>American Flint Glass Workers Union v. Beaumont Glass Co.</u>, 62 F.3d 574, 578 & n.5 (3d Cir. 1995).

An order follows.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,      Sr. J.
